1

2

3

4

5

6

7    IN THE UNITED STATES DISTRICT COURT

8    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    SAN JOSE DIVISION

10

11   STEPHANIE MONTEZ,                        NO. C 05-01208 JW

12
            Plaintiff,
13                                            **ORDER GRANTING PLAINTIFF'S**
        v.                                    **MOTION FOR DEFAULT JUDGMENT**
14                                            **AGAINST DEFENDANT CAPITAL**
     CAPITAL RECOVERY ASSOCIATES,             **RECOVERY ASSOCIATES ONLY**
15   INC., d/b/a CRA SECURITY SYSTEMS
     and RICHARD LYONS,
16
            Defendants.
17
     _____/
18                              I.  INTRODUCTION

19        Presently before the Court is Plaintiff Stephanie Montez's ("Plaintiff") Motion for Default Judgment

20   against Defendants Capital Recovery Associates, Inc., d/b/a CRA Security Systems (hereinafter "CRA"),

21   and Richard Lyons ("Lyons") pursuant to Rule 55, Fed. R. Civ. P.  Neither CRA nor Lyons appeared in

22   this action or submitted an opposition to Plaintiff's motion.  Based upon all papers filed to date, the Court

23   finds that Plaintiff is entitled to default judgment against CRA only.

24                              II.  BACKGROUND

25        On March 24, 2005, Plaintiff filed this action against CRA and Lyons for violations of the Fair Debt

26   Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "Federal FDCPA") and California's

27   Rosenthal Fair Debt Collection Practices Act, Civil Code 1788, et seq. (hereinafter, "California FDCPA").

28   Plaintiff alleged that CRA and Lyons violated the Federal FDCPA by: (1) providing Ms. Montez with false,

United States District Court
For the Northern District of California

misleading, and inaccurate information in an effort to collect the alleged debt; (2) falsely threatening immediate legal action when CRA and Lyons had no intention of actually taking such action; (3) falsely threatening to take actions not intended in the time frame threatened; and (4) making false, deceptive, and misleading statements, and creating a false sense of urgency, in an attempt to collect a debt.  Plaintiff alleged that CRA and Lyons violated the California FDCPA by falsely representing that a lawsuit will be instituted unless payment on the debt is made.  As a preliminary matter, the Court dismisses Plaintiff's complaint as to Lyons because Plaintiff failed to serve Lyons with a copy of the summons and complaint.  CRA, however, did not waive service of summons, and Plaintiff personally served CRA with a copy of the summons and complaint on May 16, 2005.  CRA failed to answer the complaint or otherwise defend the action.  On July 20, 2005, the Clerk of this Court entered default as to CRA.  On October 3, 2005, Plaintiff filed this Motion for Default Judgment.

## III.  STANDARDS

Upon entry of default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977) (citing Pope v. United States, 323 U.S. 1, 12 (1944)).  Necessary facts not contained in the pleadings, and claims which are legally insufficient, however, are not established by default.  Cripps v. Life Ins. Co. of North America, 980 F.2d 1261, 1267 (9th Cir. 1992).  In exercising its discretion to grant default judgment, the court may consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; ( 4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## IV.  DISCUSSION

A.      Statutory Damages

Plaintiff contends that statutory damages is warranted under the Federal FDCPA.  The Federal

United States District Court
For the Northern District of California

1  FDCPA precludes the use of false representations, threats, and deceptive practices to collect debt from an

2  individual.  See Bracken v. Harris & Zide, L.L.P., 219 F.R.D. 481, 484 (N.D.Cal., 2004).  Plaintiff

3  alleged that CRA sent Plaintiff demand letters that were objectively false, and that CRA threatened Plaintiff

4  with litigation when CRA never intended to follow through with the threats.  Construing these allegations as

5  true for purposes of Plaintiff's Motion for Default Judgment, the Court finds that CRA is liable to Plaintiff for

6  relief under the Federal FDCPA.  See Palmer v. Stassinos, 348 F.Supp.2d 1070, 1085 (N.D.Cal., 2004)

7  (Threat of litigation may constitute a violation of the Federal FDCPA.).  The maximum recovery for a

8  plaintiff in an action under the Federal FDCPA, who did not allege any actual damages and requested only

9  statutory damages, is $1,000.  See 15 U.S.C. § 1692k.  Therefore, the Court awards Plaintiff statutory

10  damages in the amount of $1,000 under the Federal FDCPA.

11      Plaintiff also contends that statutory damages is warranted under the California FDCPA.  Unlike

12  the Federal FDCPA, however, the California FDCPA only applies to debt collectors attempting to collect

13  a debt arising from a "consumer credit transaction."  Cal. Civ. Code §§ 1788.13, 1788.17.  This Court has

14  held that a dishonored check is not a "credit transaction" within the meaning of the California FDCPA.

15  Raymond Abels v. JBC Legal Group re Order Granting Defendants' Motions to Dismiss, 04-cv-2345,

16  Docket Item No. 87 at 3:15-16.  Because Plaintiff's debts arose from checks that were dishonored by their

17  banks, Plaintiff's claims under the California FDCPA are legally deficient.

18      Nevertheless, Plaintiff contends that because CRA defaulted, Plaintiff's legal allegation that a

19  dishonored check is a "consumer credit transaction" under the California FDCPA must be taken as true.

20  Plaintiff's contention is without merit.  The Ninth Circuit clearly has held that necessary facts not contained

21  in the pleadings, and claims which are legally insufficient are not established by default.  Cripps v. Life Ins.

22  Co. of North America, 980 F.2d 1261, 1267 (9th Cir. 1992).  Because a dishonored check is not a

23  "consumer credit transaction" as a matter of law, Plaintiff is not entitled to relief under the California

24  FDCPA.

25  B.     Attorney's Fees

26      Plaintiff seeks an award of attorney's fees incurred in prosecuting this action against CRA in the

27

28                                           3

1   amount of $4,160.  Pursuant to 15 U.S.C. 1692k(a)(3), Plaintiff is entitled to recover full costs, including

2   reasonable attorney's fees.  A reasonable attorney fee is the number of hours and the hourly rate that would

3   be billed by "reasonably competent counsel."  See Yahoo! Inc. v. Net Games, Inc., 329 F.Supp.2d 1179,

4   1183 (N.D.Cal., 2004) (Attorney fee applicants are entitled to an award sufficient to enable them to secure

5   reasonably competent counsel, but are not entitled to an award necessary to secure counsel of their

6   choice.).

7   　　　The Court has reviewed Plaintiff's attorney's fees in this action and finds the rate of compensation,

8   $300/hr for the attorney and $90/hr for the legal assistants, to be excessive.  In Yahoo! Inc. v. Net Games,

9   Inc., the court found that $266 per hour for the attorneys and $152 per hour for the legal assistants were

10  excessive.  See Id.  The court reasoned that although the plaintiff argued that the factual analysis was

11  detailed and the legal analysis was complex, the plaintiff's description was plainly an exaggeration because

12  the case "simply was not unusually complex."  Id. at 1189.  Likewise, the instant case simply was not

13  unusually complex.  All Plaintiff did here was formulate the complaint, obtain an entry of default, and

14  immediately thereafter, file an unopposed motion for default judgment.  The only evidence Plaintiff had to

15  obtain were the demand letters that Defendant sent to Plaintiff.

16  　　　The Court finds it appropriate to adopt the formulae as set forth in Yahoo!.  The Yahoo! court

17  calculated the reasonable rate by dividing the mean hourly wage of attorneys in the San Francisco area by

18  the ratio of net receipts to gross receipts.  See Id.  This Court will calculate the reasonable rate based on

19  the mean hourly wage of attorneys in the San Jose area, and divide that number by the ratio of net to gross

20  receipts using the most recent 2001 year data from the 2004-2005 Statistical Abstract.  See United States

21  Census Bureau, Statistical Abstract of the United States: 2004-2005, tbl 718, available at

22  http://www.census.gov/statab/www/.  Gross receipts totaled $91 billion and net receipts totaled $32 billion.

23  This yields a ratio of net receipts to gross receipts of 0.352.  The most recent data available from the

24  Bureau of Labor Statistics ("BLS") describing hourly wages in the San Jose area are available at

25  http://www.bls.gov/oes/current/oes_7400.htm.  Dividing the most recent mean hourly wage for lawyers,

26  $74.10/hr, by the most recent ratio of net to gross receipts, 0.352, yields an estimate of $210.51/hr as the

27

28

average market rate for lawyers in the San Jose area.  Similarly, dividing the most recent mean hourly wage

for legal assistants, $27.65/hr, by the same ratio, 0.352, yields an estimate of $78.55/hr as an estimated

average hourly rate for legal assistants in the San Jose area.  The Court awards Plaintiff $1,810.39 for the

8.6 hours that counsel spent on the case at a rate of $210.51 per hour.  The Court also awards Plaintiff

$962.24 for the 12.25 hours that the assistants have spent on the case at a rate of $78.55 per hour.

## V.  CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Default Judgment is GRANTED.  Plaintiff is

awarded statutory damages against CRA in the amount of $1,000, and $2,772.63 in attorney's fees for a

total award of $3772.63.

Dated: November 7, 2005

05cv1208dj

/s/James Ware_____

JAMES WARE
United States District Judge

5

1    **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2

3    Ronald Wilcox ronaldwilcox@post.harvard.edu

4

5    **Dated: November 8, 2005**                              **Richard W. Wieking, Clerk**

6

7                                                             **By:__/s/JW Chambers_____**
                                                                **Ronald L. Davis**
8                                                               **Courtroom Deputy**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California